UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 09-932(D)-CAS | | Date | January 26, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | Lana Morton-Owens, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Erik Leonardus Peeters | Not | X | | Jay Lichtman | Not | X | |
| | | | | Richard Callahan | Not | X | |

| Proceedings: | (IN CHAMBERS) - DEFENDANT'S LEGAL MEMORANDUM RE: IMPACT OF <u>DESCAMPS</u> DECISION ON DEFENDANT PEETERS' GUILTY PLEA |
|---|---|

## I.    INTRODUCTION & BACKGROUND

The Fourth Superseding Indictment in this matter charges defendant with one count of traveling in foreign commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), five counts of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(c), and one count of being a registered sex offender while committing the felonies alleged in Counts One through Six, in violation of 18 U.S.C. § 2260A. Dkt. 128. On March 13, 2012, defendant entered into a plea agreement with the Government regarding the crimes charged in the Fourth Superseding Indictment. Dkt. 154, Plea Agreement. Pursuant to this agreement, defendant agreed to a binding term of imprisonment of between 240 and 262 months. Id. In exchange, the Government agreed to drop all but two of the counts in the indictment. Id. Specifically, the Government agreed to drop all but Counts Two and Three, which charge defendant with engaging in illicit sexual conduct with two minor boys, T.S. and C.S. Id. On March 16, 2012, the Court held a hearing and accepted defendant's plea of guilty as to the these two counts. Dkt. 153.

In reaching their plea agreement, the parties considered defendant's potential sentencing guidelines range if he were convicted under Counts Two and Three of the Fourth Superseding Indictment. The parties agreed that in 1990 defendant was convicted of Lewd or Lascivious Acts with a Child under 14 years of age, in violation of California Penal Code § 288(a). The parties further agreed that this prior conviction qualified as a prior sex offense under the United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

States Sentencing Guidelines, and would therefore result in a sentencing enhancement pursuant to U.S.S.G. § 4B1.5(a) (Repeat and Dangerous Sex Offender Against Minors). This enhancement would have two effects on defendant's advisory guidelines range: (1) defendant's total offense level would increase from 29 to 31; and (2) defendant's criminal history category would increase from Level II to Level V. Ordinarily, an offense level of 31 and a criminal history category of Level V would correspond to an advisory guidelines range of 168 to 210 months imprisonment. However, in the plea agreement, the parties agreed to a substantially above-guidelines sentence of 240-264 months imprisonment. See Dkt. 154, Plea Agreement, at ¶ 15 ("Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1) - (7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the court impose a sentence within the range of 20 years (240 months) to 22 years (264 months) imprisonment").

Defendant has now suggested that he would like to withdraw his guilty plea. As the basis for this withdrawal, defendant contends that the Supreme Court's recent decision in United States v. Descamps, 133 S.Ct. 2276 (2013), constitutes an "intervening circumstance" which provides defendant with a "fair and just reason" to withdraw his guilty plea. In Descamps, the Supreme Court held that the modified categorical approach may not be applied to an indivisible statute—i.e., a statute that does not set out the elements of the offense in the alternative. Id. at 2283-84. Instead, when a district court determines whether a prior conviction under an indivisible statute meets the requirements for a sentencing enhancement, it must look only to the elements of the offense and not the facts underlying the conviction. Id. The parties do not dispute that California Penal Code § 288(a) is an indivisible statute and that, under the approach set forth in Descamps, defendant's 1990 conviction for violating section 288(a) no longer qualifies as a prior sex conviction for purposes of U.S.S.G. § 4B1.5(a). Accordingly, defendant argues that Descamps provides him with a basis for withdrawing his guilty plea because the parties relied, in part, on a now inaccurate calculation under the sentencing guidelines.

The Court instructed the parties to submit supplemental briefing regarding the impact of Descamps on defendant's request to withdraw his guilty plea. Having carefully considered the parties' arguments, the Court finds that Descamps does not constitute a sufficient intervening circumstance to permit defendant to withdraw his guilty plea.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 11(d)(2), a defendant may withdraw a guilty plea after the court accepts the plea, but before it imposes a sentence, if the defendant "can show a fair and just reason for requesting the withdrawal." The decision to allow a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

defendant to withdraw a guilty plea "is solely within the discretion of the district court." United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003).

"While the defendant is not permitted to withdraw his plea 'simply on a lark,' the 'fair and just standard' is generous and must be applied liberally." United States v. Mayweather, 634 F.3d 498, 504 (9th Cir. 2010) (quoting United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008)). The Ninth Circuit has recognized that "fair and just reasons" may include "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." United States v. Ortega–Ascanio, 376 F.3d 879, 883 (9th Cir. 2004). Where a defendant bases his motion on circumstances that did not exist when the plea was entered, he must show that the new circumstances would have "plausibly motivated a reasonable person in [defendant's] position not to have pled guilty had he known about the [circumstances] prior to pleading." United States v. Garcia, 401 F.3d 1008, 1011-12 (9th Cir. 2005).

## III.  ANALYSIS

In his supplemental briefing, defendant argues that Descamps constitutes an intervening circumstance that provides a basis for him to withdraw his guilty plea. More specifically, defendant argues that, post-Descamps, his plea agreement is based upon the flawed premise that defendant is eligible for a sentencing enhancement pursuant to section 4B1.5(a). Defendant contends that without the inclusion of the section 4B1.5(a) enhancement, his advisory guidelines range for Counts Two and Three would have been only 97-121 months, as opposed to the 168-210 months the parties assumed when they entered the plea agreement. Accordingly, defendant contends that a reasonable person would not have agreed to the high binding sentence range in his plea agreement had they known that the section 4B1.5(a) sentencing enhancement was inapplicable. However, defendant mischaracterizes his plea agreement.

Defendant's plea agreement is not based on the section 4B1.5(a) sentencing enhancement because the parties did not agree to the sentence imposed by section 4B1.5(a). Rather, they agreed to a substantially above-guidelines range of 240 to 262 months imprisonment. The parties agreed to this sentence because they considered the indictment as a whole, not just the two counts to which defendant ultimately pled guilty. The Fourth Superseding Indictment charges defendant with seven counts. The maximum penalty for each of Counts One through Six is 30 years imprisonment, to run consecutively. See 18 U.S.C. § 2423(b), (c). Count Seven then charges defendant with a violation of section 2260A, which imposes a ten-year mandatory sentencing enhancement for committing any of the other offenses charged in the indictment while being required to register as a sex offender. Accordingly, were defendant to be convicted on all seven of the counts in the indictment, he would face a maximum term of imprisonment of 180 years to be followed by a mandatory, consecutive ten-year term of imprisonment—i.e., 190

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

years.[1] By contrast, in the plea agreement, defendant agreed to a sentence of 240 to 262 months, or 20 to 22 years, imprisonment. In exchange, the Government agreed to dismiss five of the indictment's seven counts, including the ten year mandatory sentencing enhancement under section 2260A. While the agreement notes the advisory guidelines range for Counts Two and Three, the counts to which defendant pled guilty, the parties ultimately determined that this range inadequately accounted for defendant's conduct in light of the dismissed charges. Accordingly, the section 4B1.5(a) sentencing enhancement did not form a significant part of the parties' agreement. The Court, therefore, finds that defendant has made an insufficient showing that the applicability of section 4B1.5(a) would have materially affected the decision of someone in his position to accept the plea agreement.

Another court in this district recently reached the same conclusion under a nearly identical set of circumstances. In United States v. Sporich, Case No. 09-cr-00934-PSG (C.D. Cal. Jun. 19, 2015), the defendant was charged with three counts of violating 18 U.S.C. § 2423(c). As here, the defendant had previously been convicted under California Penal Code § 288(a) and thus, prior to Descamps, would have been subject to the sentencing enhancement under section 4B1.5(a). Id. at 13-14. Thus, the parties determined that, were he convicted, the defendant would have faced an advisory guidelines range of 168 to 210 months imprisonment. Id. at 14. Nonetheless, the parties agreed to a binding sentence of only 120 months imprisonment. Id. Following Descamps, the defendant sought to withdraw his guilty plea on the grounds that the inapplicability of section 4B1.5(a) was an intervening circumstance. Id. at 13. The court disagreed. Specifically the court stated:

> The inapplicability of § 4B1.5(a) does not provide "material relief" because the parties did not agree to the sentence imposed by § 4B1.5(a). The sentencing range pursuant to § 4B1.5(a) is 168-210 months. The parties agreed to a sentence of 120 months, far below this range.

Id. at 14.

As in Sporich, here, the fact that section 4B1.5(a) no longer applies to defendant cannot constitute an intervening circumstance because defendant never agreed to the sentence imposed by section 4B1.5(a). Rather, the parties made their own calculation as to what would constitute

---

[1] Even if defendant were convicted for only one of the substantive counts he would still face a maximum penalty of thirty years, to be followed by a consecutive ten-year term of imprisonment under section 2260A. In other words, the potential maximum penalty on even a single count of the indictment is nearly double the 20 to 22 year sentence to which defendant agreed in the plea agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

an appropriate sentence in light of the penalties defendant faced under the indictment as a whole and the significant sentencing benefits the Government offered defendant under the plea agreement. These considerations remain unchanged notwithstanding the Supreme Court's decision in Descamps.

Furthermore, even if the advisory guidelines range under section 4B1.5(a) had formed a material part of the parties' agreement, other sentencing enhancements would have applied in the absence of section 4B1.5(a), resulting in substantially the same advisory guidelines range. Specifically, pursuant to section 4B1.5(b), if section 4B1.5(a) does not apply, but the defendant has engaged in a pattern of activity involving prohibited sexual conduct, then the defendant's total offense level is subject to a five-level enhancement. For purposes of section 4B1.5(b), a pattern of prohibited activity exists where, "on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor" without regard to whether the conduct occurred during the course of the instant offense or resulted in a conviction See 22 U.S.S.G. § 4B1.5, comment 5(B)(i)-(ii). Defendant's prior California conviction was for a violation of California Penal Code § 288(a), Lewd or Lascivious Acts with a Child under 14 years of age, and would, therefore, likely trigger the application of section 4B1.5(b). Accordingly, even if section 4B1.5(a) does not apply in this case, section 4B1.5(b) likely does.

Under the plea agreement, the parties agreed that defendant's total offense level for Counts Two and Three was 30. The parties also agreed that defendant would be subject to a two-level enhancement because he is charged with multiple counts and a three-level reduction for early acceptance of responsibility, resulting in a combined offense level of 29. Had section 4B1.5(b) applied, that offense level would have been subject to a five-level enhancement, bringing defendant's total offense level to 34. Assuming that defendant had a criminal history category of II, as defendant asserts in his briefing, his advisory guidelines range would have been 168 to 210 months imprisonment, exactly the same range defendant anticipated pre-Descamps. Thus, even had defendant known that section 4B1.5(a) would not apply to him, that should not have had any impact on his decision to accept the Government's plea offer, because he would have faced an identical advisory guidelines range applying section 4B1.5(b).[2]

---

[2] Defendant also argues that his plea agreement is invalid because it suffers from a significant procedural error, namely it improperly applies the section 4B1.5(a) sentencing enhancement. However, again, the Court notes that under the parties' agreement defendant has not agreed to be sentenced under 4B1.5(a); rather, the parties agreed that, under the circumstances of this case, an above-guidelines sentence of 240 to 262 months imprisonment was appropriate. See also U.S.S.G. § 6B1.2(c) (a court may accept a plea agreement that includes a specific sentence under Rule 11(c)(1)(C) if the agreed upon sentence is within the applicable guidelines range, or "is outside the applicable guideline range for justifiable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Accordingly, it is simply not plausible that defendant would have rejected his plea agreement in light of Descamps, where the section 4B1.5(a) sentencing enhancement did not form a material part of the parties' agreement, and where, in any event, the Descamps decision would likely have had no impact on defendant's advisory guidelines range. The Court, therefore, finds that Descamps does not constitute a sufficient intervening circumstance to justify withdrawal of defendant's guilty plea.

IV.  **CONCLUSION**

In accordance with the foregoing, the Court finds that the decision of the Supreme Court in United States v. Descamps, 133 S.Ct. 2276 (2013) does not provide a "fair and just reason" for defendant to withdraw his guilty plea.

The Court hereby resets defendant's Sentencing on **March 14, 2016**, at **1:30 P.M.**

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |

cc:   U.S. Probation

---

reasons"). Further, sentences imposed pursuant to plea agreements are unique in that they do not require the Court to independently apply the sentencing guidelines. See Freeman v. United States, 131 S.Ct. 2685, 2695 (2011) (Sotomayor, J., concurring) ("At the time of sentencing, the term of imprisonment imposed pursuant to a [plea] agreement does not involve the court's independent calculation of the Guidelines or consideration of the other 18 U.S.C. § 3553(a) factors. The court may only accept or reject the agreement, and if it chooses to accept it, at sentencing the court may only impose the term of imprisonment the agreement calls for; the court may not change its terms."); see also United States v. Pleasant, 704 F.3d 808, 811 (9th Cir. 2013) (noting that Justice Sotomayor's concurrence is the controlling opinion from Freeman). Here, the parties reached an agreed upon sentence and the Court accepted the parties' agreement. The Court's decision to impose the parties' agreed upon sentence cannot constitute a significant procedural error under the sentencing guidelines for the simple reason that the Court did not apply the sentencing guidelines. Instead, the Court followed the procedures set forth under Rule 11 for evaluating a plea agreement, and concluded that the sentence agreed to by the parties was appropriate.