UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR09-932(D)-CAS | | Date | August 15, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | Lana Morton-Owens |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| | | | | Jay Lichtman | Not | | X |
| | | | | Richard Callahan | Not | | X |
| | | | | Firdaus Dordi, | X | | X |
| Erik Leonardus Peeters | X | X | | Advisory Counsel | | | |

**Proceedings:** DEFENDANTS' MOTION TO WITHDRAW GUILTY PLEA (Dkt. 217, filed July 5, 2016)

## I.   INTRODUCTION AND BACKGROUND

The Fourth Superseding Indictment in this matter charges defendant with one count of traveling in foreign commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), five counts of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(c), and one count of being a registered sex offender while committing the felonies alleged in Counts One through Six, in violation of 18 U.S.C. § 2260A. Dkt. 128. On March 13, 2012, defendant entered into a plea agreement with the Government regarding the crimes charged in the Fourth Superseding Indictment. Dkt. 154, Plea Agreement. Pursuant to this agreement, defendant agreed to a binding term of imprisonment of between 240 and 262 months. Id. In exchange, the Government agreed to drop all but two of the counts in the indictment. Id. Specifically, the Government agreed to drop all but Counts Two and Three, which charge defendant with engaging in illicit sexual conduct with two minor boys, T.S. and C.S. Id. On March 16, 2012, the Court held a hearing and accepted defendant's plea of guilty as to the these two counts. Dkt. 153.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

On July 5, 2016, defendant filed a motion to withdraw his guilty plea. Dkt. 217.[1] On July 25, 2016, the government filed an opposition, Dkt. 220, and on August 4, 2016, defendant filed a reply, Dkt. 221. Having carefully considered the parties' arguments, the Court finds and concludes as follows.[2]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 11(d)(2), a defendant may withdraw a guilty plea after the court accepts the plea, but before it imposes a sentence, if the defendant "can show a fair and just reason for requesting the withdrawal." The decision to allow a defendant to withdraw a guilty plea "is solely within the discretion of the district court." United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003).

"While the defendant is not permitted to withdraw his plea 'simply on a lark,' the 'fair and just standard' is generous and must be applied liberally." United States v. Mayweather, 634 F.3d 498, 504 (9th Cir. 2010) (quoting United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008)). The Ninth Circuit has recognized that "fair and just reasons" may include "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or

---

[1] This is the second request defendant has made to withdraw his guilty plea. On November 30, 2015 defendant filed a memorandum of law arguing that the Supreme Court's decision in United States v. Descamps, 133 S.Ct. 2276 (2013) constituted an intervening circumstance which provided him with a "fair and just reason" to withdraw his guilty plea. More specifically, defendant argued that, following the decision in Descamps, one of the sentencing enhancements the parties had relied on in calculating defendant's sentencing range with respect to counts Two and Three—i.e., the Counts to which defendant pled guilty—was no longer applicable in defendant's case. The Court rejected this argument reasoning that, even without the sentencing enhancement, when viewed holistically, defendant's plea agreement still provided him with substantial benefits. More specifically, the Court explained that, while defendant's potential sentencing liability under all seven counts of the Fourth Superseding Indictment was 190 years, under defendant's plea agreement the government had agreed to drop five of the indictments seven counts and agreed to a sentencing range of only 20 to 22 years. Accordingly the Court denied defendant's motion to withdraw his guilty plea in light of the decision in Descamps.

[2] At oral argument the government noted that Peeters had, in his plea agreement, preserved the right to appeal the denial of his motion to dismiss the indictment for alleged violation of the Commerce Clause. To the extent his plea agreement may have preserved any issues also raised here, the Court does not believe that defendant's plea agreement bears on the matter now before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

any other reason for withdrawing the plea that did not exist when the defendant entered his plea." United States v. Ortega–Ascanio, 376 F.3d 879, 883 (9th Cir. 2004). Where a defendant bases his motion on circumstances that did not exist when the plea was entered, he must show that the new circumstances would have "plausibly motivated a reasonable person in [defendant's] position not to have pled guilty had he known about the [circumstances] prior to pleading." United States v. Garcia, 401 F.3d 1008, 1011-12 (9th Cir. 2005).

### III.   ANALYSIS

In his motion to withdraw his guilty plea, defendant contends that he has complete defenses to each of the seven counts charged in the indictment. Defendant further contends that these defenses constitute "intervening circumstances" which provide a "fair and just reason" for him to withdraw his guilty plea because either: (a) the defense is based on a subsequent development in the law; or (b) defendant's former counsel failed to adequately advise him of his defense prior to the entry of his guilty plea. The Court addresses each of defendants purported defenses in turn.

#### A.   Count One—18 U.S.C. § 2423(b)

Count one charges defendant with traveling in foreign commerce between April 26, 2008, and February 24, 2009, to Southeast Asia for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). Defendant contends that, in April 2008, he traveled from Los Angeles to Thailand. At the time he traveled to Thailand, defendant states that he had no intention of traveling to any other country in Southeast Asia. After several weeks in Thailand, defendant traveled to Cambodia where the government alleges he began engaging in sexual activity with several minor children. In his motion, defendant contends that, prior to the entry of his guilty plea, his former counsel failed to advise him that he had a complete defense to Count One. Namely, defendant argues that section 2423(b) only criminalizes travel with a territorial nexus to the United States. As such, defendant argues that his travel between Thailand and Cambodia cannot give rise to criminal liability under section 2423(b) because it was travel wholly between two foreign countries.

In support of this argument, defendant relies on United States v. Weingarten, 532 F.3d 60 (2d Cir. 2011). In Weingarten, the Second Circuit held that section 2423(b) could not be applied to travel that took place solely between two foreign countries. Id. at 71. However, Weingarten is distinguishable from the instant case. In Weingarten, the defendant, a United States citizen, had resided in Belgium since 1984. Id. at 62. After over a decade in Belgium, the defendant traveled from Belgium to Israel where he allegedly engaged in illicit sexual acts with a minor. Id. Under these circumstances, the Second Circuit reversed the defendant's conviction for violation of section 2423(b) because his travel between Belgium and Israel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

lacked "any territorial nexus to the United States." Id. at 70-71.  Here, by contrast, after leaving the United States, defendant stayed in Thailand for only a few weeks before continuing on to Cambodia.  Such a brief stay in Thailand is insufficient to eliminate the nexus between defendant's travel and the United States.  Indeed, even in Weingarten the Second Circuit took pains to emphasize that its reasoning did not preclude application of section 2423(b) simply because the defendant had traveled to multiple locations after leaving the United States:

> We do not suggest, of course, that the mere presence of an intermediate stop outside the United States on a multi-legged journey undertaken for unlawful purposes will immunize a defendant from prosecution under § 2423(b).  An offender violates the law when he embarks on travel with the requisite illicit purpose and mere stops along the way do not deprive travel of its territorial nexus to the United States.

Id. at 71 (citations omitted).

Moreover, even if defendant were correct and that his travel between Thailand and Cambodia could not support a violation of section 2423(b), the government could still meet its burden by demonstrating that when defendant traveled from Los Angeles to Thailand he possessed the intent to engage in illicit sexual conduct with a minor.  See United States v. Bredimus, 234 F. Supp. 2d 639, 644-646 (N.D. Tex. 2002) ("[A] United States citizen commits a crime under § 2423(b) if the individual travels in foreign commerce (that is, from the United States to a foreign country) with the requisite intent.").  Accordingly, defendants' argument that the government cannot establish a violation of section 2423(b) because he traveled between multiple countries in South East Asia is without merit.  Even assuming then that defendant's former counsel failed to advise him of this purported defense, it would not constitute a "fair and just reason" to permit defendant to withdraw his guilty plea.  See also United States v. Michlin, 34 F.3d 896, 900-901 (9th Cir. 1994) (Fletcher, J.) (counsels failure to advise defendant of a meritless legal argument did not constitute sufficient grounds to withdraw a guilty plea).

### B.  Counts Two through Six—18 U.S.C. § 2423(c)

Counts Two through Six charge defendant with traveling in foreign commerce and engaging in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(c).  At the time of defendant's alleged crimes, section 2423(c) provided: "Any United States citizen or alien admitted for permanent residence who travels in foreign commerce, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years or both."  18 U.S.C. § 2423(c).  In March 2013, Congress amended section 2423(c).  Following the amendments the statute now reads: "Any United States citizen or alien admitted for permanent residence who travels in foreign commerce *or resides, either temporarily or*

*permanently, in a foreign country,* and engages in any illicit sexual conduct with another person shall be [punished]." 18 U.S.C. § 2423(c) (emphasis added). In his motion, defendant argues that this amendment constitutes Congress's recognition that, under the prior version of the statute, a defendant is no longer "traveling" in foreign commerce once he becomes either a permanent or temporary resident of a foreign country. Defendant further argues that, at trial, defendant would have been able to demonstrate that, at the time he engaged in the conduct alleged in Counts Two through Six he was, at a minimum, a temporary resident of Cambodia. As such, defendant contends that, in light of the March 2013 amendment to section 2423(c) he now has a complete defense to Counts Two through Six which was not available at the time he entered his guilty plea. Defendants argument is unavailing for several reasons.

First, even assuming that defendant could prove that he had come to reside in Cambodia and was no longer "traveling in foreign commerce" when he committed the offenses charged in Counts Two through Six, that would not preclude the application of section 2423(c). Rather, clear Ninth Circuit precedent establishes that section 2423(c) may still apply to conduct occurring in the period shortly after a defendant ceases traveling in foreign commerce. See United States v. Jackson, 480 F.3d 1014, 1023 (9th Cir. 2007) (under section 2423(c) "the illicit sex act does not need to take place *during* the course of travel, but can occur thereafter.") (emphasis in original); United States v Clark, 435 F.3d 1100, 1107 (9th Cir. 2006) ("[Section 2423(c)] does not require that the conduct occur *while* traveling in foreign commerce") (emphasis in original). Here, defendant is alleged to have engaged in sexual conduct with minors within weeks of arriving in Cambodia. Even assuming that defendant had ceased traveling in foreign commerce when he committed these acts, under Ninth Circuit precedent that would not preclude the application of section 2423(c). See Clark, 435 F.3d at 1107 (finding that where the lapse in time between defendant's travel and his arrest was less than two months "no plausible reading of the statute . . . would exclude its application to [defendant's] conduct because of this limited gap.").

Defendant argues that, to the extent Ninth Circuit precedent holds that section 2423(c) continues to apply after a defendant becomes a temporary or permanent resident of another country, it has been overruled by the March 2013 amendments. However, this is an overreading of the March 2013 amendments. Prior to the amendment of section 2423(c), several courts, including the Ninth Circuit, had held that section 2423(c) could not apply where a defendant had taken up residence in a foreign country prior to the enactment of section 2423(c). See, e.g., United States v. Jackson, 480 F.3d at 1024 (finding that because defendant had taken up residence in Cambodia prior to the enactment of section 2423(c) he had not "traveled in foreign commerce"). The March 2013 amendments were intended to strengthen section 2423(c) by clarifying that the statute could apply even to those individuals who had become temporary or permanent residents of a foreign country prior to the enactment of the statute. See S. Rep. No. 112-96 (2011), Senate Judiciary Committee Report, at 8, 18 (noting that, by virtue of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

amendment to § 2423(c), the statute was "strengthened to hold criminally liable those U.S. citizens and lawful permanent residents residing outside of the United States who engage in illicit sexual conduct with a minor. Current law only reaches U.S. citizens and lawful permanent residents who travel abroad in foreign commerce."). Accordingly, nothing in the March 2013 amendments was intended to overrule or restrict prior interpretations of section 2423(c). As such, under the earlier version of section 2423(c), it is sufficient that defendant was a U.S. citizen and that he "traveled in foreign commerce" regardless of whether he ultimately came to reside in Cambodia.[3]

Finally, even assuming *arguendo* that defendant could raise his purported residency in Cambodia as a defense to Counts Two through Six, he would still need to demonstrate at trial that he was, in fact, a resident of Cambodia. The Government represents that, at trial, it would introduce evidence that, in Cambodia, defendant had no employment and no stable residence, moved from guest house to guest house throughout the country, and regularly told people that he was on vacation. Opp'n., at 4. In his papers, defendant points to no evidence that he was anything more than a traveler—as opposed to a resident—in Cambodia. Accordingly, even if defendant could theoretically raise his "residency" as a defense to Counts Two through Six it would appear to be a relatively weak defense at best. In light of the substantial sentencing

---

[3] In another case, United States v. Boyajian, in which the defendant was also charged with a violation of section 2423(c), this Court interpreted the March 2013 amendment in the same manner:

> [D]efense counsel argued that the statute's 2013 amendment showed that the prior version did not cover the conduct of a person, like defendant, who purportedly resided in Cambodia and traveled to the United States only as a visitor. However, given that the amended statute is phrased in the disjunctive, the Court reads the amendment to indicate that prior to 2013, a U.S. citizen had to travel in foreign commerce after § 2423(c)'s enactment to fall under the statute's scope, whereas under the new version, a U.S. citizen who has not traveled in foreign commerce since the statute's original enactment in 2003 would still be covered based on his citizenship and illicit sexual conduct. That is the way the Ninth Circuit interpreted the statute in Clark, which was decided years before the 2013 amendment. Therefore, defendant's U.S. citizenship and admitted travel from the United States to Cambodia in 2008 brings him within the purview of § 2423(c), no matter where he resided at the time.

United States v. Boyajian, 2014 WL 6750230, at *14 n.8 (C.D. Cal. Nov. 26, 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

benefits provided by defendant's plea agreement, the Court is unpersuaded that knowledge of this purported residency defense would have "plausibly motivated a reasonable person in [defendant's] position not to have pled guilty."[4]

Accordingly, the Court finds that defendants purported residency defense to Counts Two through Six does not provide a "fair and just reason" for defendant to withdraw his guilty plea.

### C.     Count Seven—18 U.S.C. § 2260A

Count Seven of the indictment charges defendant with a violation of 18 U.S.C. § 2260A. Section 2260A provides a 10-year mandatory consecutive sentencing enhancement for a defendant who, "being required by Federal or other law to register as a sex offender, commits a felony offense against a minor." 18 U.S.C. § 2260A. Here, the government alleges that defendant was required to register a sex offender pursuant to the laws of California—specifically, pursuant to California Penal Code § 290—at the time he commited the offenses charged in Counts One through Six. In his motion, defendant contends that two recent developments in the law provide a complete defense to Count Seven.

First, defendant points to the Supreme Court's decision in United States v. Nichols, 136 S. Ct. 1113 (2016). In Nichols, the Supreme Court addressed the circumstances under which an individual is required to register as a sex offender for purposes of the Federal Sex Offender Registration and Notification Act ("SORNA"). The Supreme Court arguably adopted a narrow test for when a sex offender is required to register for purposes of SORNA. However, regardless of the test adopted by the Court in Nichols, that decision is inapplicable here because defendant was not required to register as a sex offender pursuant to SORNA; rather, defendant was required to register as a sex offender pursuant to California Penal Code § 290. The Nichols decision does not address the registration requirements of California Penal Code §290 and, as such, defendant's reliance on that case is misplaced.

---

[4] Defendant argues that it is inappropriate for the Court to consider the merits of his potential defense and contends that is sufficient that defendant has a potential defense of which he was unaware, even if that defense may ultimately be unsuccessful at trial. However, in determining whether a defendant may withdraw a guilty plea courts are instructed to assess whether it is plausible that a reasonable person in defendants position would not have pled guilty had they known of the purported defense. See Garcia, 401 F.3d at 1011-12. In assessing whether it is plausible that a purported defense would have led a reasonable person not to have pled guilty, the Court must engage in at least a superficial analysis of whether that defenses is meritorious. In other words, if a given defense appears to be without merit, it is unlikely that knowledge of that defense would have motivated a reasonable person not to have pled guilty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Second, defendant relies on this Court's decision in United States v. Boyajian. In Boyajian, this Court determined that a sex offender is not required to register pursuant to California Penal Code § 290 if they no longer "reside" in California. See United States v. Boyajian, 09-cr-933-CAS, Dkt. 1105, at 10 (C.D. Cal. Dec. 17, 2015) ("California Penal Code section 290(b), by its terms, applies only while a convicted sex offender is residing, attending school, or working in California.") (citing People v. Roberts, 2008 WL 2333217, at *3 (Cal. Ct. App. June 9, 2008) (unpublished) ("But if defendant left the state of California, he does not violate section 290, subdivision (a)(1)(A) by failing to register in the city of his new residence or location because the statute only applies to persons residing in or located within California."). Moreover, at trial, the Court permitted the defendant in that case to present evidence that he was no longer a resident of California as a defense to his charge for violation of section 2260A. However, the Court's decision in Boyajian was not based on a novel interpretation of the law. Rather, the Court relied on a plain reading of California Penal Code § 290 as well as long standing case law regarding the meaning of that statute. Accordingly, irrespective of this Court's decision in Boyajian, defendant could have argued at the time he entered his guilty plea that he was not guilty as to Count Seven because he was not a resident of California.

Alternatively, defendant argues that his former counsel failed to advise him that he had a potential residency defense to Count Seven. However, even accepting this as true, defendant has still failed to demonstrate that this purported defense was sufficiently strong that it would have caused him to have proceeded to trial as opposed to pleading guilty. Defendant has pointed to no evidence indicating that he was a resident of any jurisdiction other than California. The Government also argues that defendant last registered as a sex offender in California in August 2007, at which point he was informed that he was required to notify the jurisdiction in which he was residing if he "moved outside of California." Opp'n., Ex. 2. The Government represents that there is no evidence that defendant ever provided such notification or took any steps indicating that he desired to stop residing in California. Moreover, to the extent defendant attempts to argue that he had become a resident of Cambodia, as already stated, the evidence that defendant was a resident of Cambodia at the time of the charged offenses appears to be either weak or nonexistent. Accordingly, the Court is unpersuaded that, even if defendant's former counsel had advised him of his purported residency defense to Count Seven, he would still not have accepted the generous sentencing benefits provided by his plea agreement.[5]

---

[5] Defendant also argues that the Court should reconsider its prior ruling denying his motion to withdraw his guilty plea in light of the Supreme Court's decision in Descamps. Specifically, he argues that, in the Court's prior ruling it determined that defendant received substantial sentencing benefits as a result of the plea agreement because he avoided the ten-year

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

## IV. CONCLUSION

In accordance with the foregoing, the Court finds that defendant has failed to identify a "fair and just reason" to withdraw his guilty plea. Defendant's motion is, therefore, **DENIED**.

The Court sets a Status Conference on **September 12, 2016**, at **1:00 P.M.**

IT IS SO ORDERED.

|  | 00 | : | 32 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

cc: U.S. Probation

---

sentencing enhancement under Count Seven. Defendant now argues that, in light of his purported residency defense, the threat of a ten-year sentencing enhancement under Count Seven was an "empty" threat. However, as just stated, the Court finds that defendant's residency defense to Count Seven is tenuous at best. And, in any event, even if defendant were not found guilty under Count Seven, he would still face a potential sentencing exposure of 180 years under the other six counts of the indictment. Accordingly, even without the ten-year sentencing enhancement under Count Seven, defendant's plea agreement still afforded him substantial sentencing benefits.